IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| Plaintiff, | Case No. 3:17-cr-162(5) |
| v. : | JUDGE WALTER H. RICE |
| MOSES M. STEVENS, | |
| Defendant. : | |

DECISION AND ENTRY OVERRULING AS MOOT DEFENDANT'S MOTION TO TERMINATE ANTI-SHUTTLING RIGHTS (DOC. #112); DEFENDANT TO REMAIN AT SHELBY COUNTY JAIL

On September 28, 2017, Defendant Moses Stevens was serving a state court sentence when he was indicted on federal charges. An arrest warrant was issued. On October 5, 2017, the Court issued a Writ of Habeas Corpus ad Prosequendum, Doc. #36, to secure Stevens' appearance on October 10, 2017, for his initial appearance and arraignment.

On October 10, 2017, Stevens signed a Waiver of [Interstate Agreement on Detainers] IAD Anti-Shuttling Rights, waiving his right to remain in federal custody until the trial was completed and, instead opting to remain in state custody. Doc. #51. On February 27, 2018, Stevens filed a Motion to Terminate Anti-Shuttling Rights, Doc. #112, indicating that he wanted to revoke that waiver and remain in

federal custody. The Court set a hearing on the motion for March 15, 2018, and issued another Writ of Habeas Corpus ad Prosequendum. Doc. #114.

At that time, Defendant changed his mind once again, indicating his desire to return to the Southern Ohio Correctional Facility in Lucasville so that he can continue serving his state sentence, and seek treatment for a medical issue.[1] His attorney noted that if Stevens returns to Lucasville, he will have great difficulty preparing for trial or otherwise attempting to resolve the case. Another hearing was held on March 22, 2018. Stevens reiterated his desire to return to state prison.

Since that time, the Court has done some additional research on this issue, and on Mr. Stevens' status. The IAD, along with its anti-shuttling provision and other protections, applies only when a detainer has been lodged against a defendant. In this case, according to the United States Marshal's Service, no detainer has yet been lodged against Stevens. Instead, the federal arrest warrant that was issued was executed, and he was brought to federal court on a Writ of Habeas Corpus ad Prosequendum.

Under these circumstances, the IAD does not apply. *See United States v. Crozier*, 259 F.3d 503, 513 (6th Cir. 2001) (noting that when the United States

---

[1] Stevens expressed concern that he would not receive credit toward his state sentence while he was in federal custody. However, given that Stevens is technically still in state custody, and brought to the federal court pursuant to a Writ of Habeas Corpus ad Prosequendum, his concerns may be unfounded. In short, the time that Stevens spends in the county jail awaiting trial will, in all probability, count against his state sentence only.

obtains custody over a state's prisoner by way of such a writ, the IAD requirements are inapplicable). To the extent that Stevens' alleged waiver of his anti-shuttling rights under the IAD, and his attempted revocation of that waiver were based on a mutual misunderstanding of the applicable law, the Court OVERRULES AS MOOT his Motion to Terminate Anti-Shuttling Rights, Doc. #112.

Notably, this is a multi-defendant case that is soon to be set for trial. In order for Stevens' attorney to be able to have easy access to Stevens to help prepare for trial or to reach a plea agreement prior to that date, the Court finds that justice will be better served if Mr. Stevens remains at the Shelby County Jail on the March 1, 2018, Writ of Habeas Corpus ad Prosequendum, until the federal charges are fully resolved. Accordingly, the Court denies Stevens' request to be returned to Lucasville.

Date: April 3, 2018

_____
WALTER H. RICE
UNITED STATES DISTRICT JUDGE